## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BLAKE MARINE GROUP, LLC**                 **CIVIL ACTION**

**VERSUS**                                  **NO: 19-12249**

**DAT HA ET AL.**                           **SECTION: "H"**

## ORDER AND REASONS

Before the Court are Cross-Claimant Dat Ha's Motion to Transfer Venue (Doc. 32), and Cross-Defendant Talisman Casualty Insurance Company's Motion to Dismiss Crossclaim (Doc. 37) and Motion for Partial Summary Judgment (Doc. 36). For the following reasons, Talisman's Motion for Partial Summary Judgment is GRANTED, and the remaining motions are DENIED.

## BACKGROUND

Plaintiff Blake Marine Group, LLC ("Blake Marine") brought this action to recover payments for the pollution abatement and salvage services it rendered in connection with the fuel removal from a sunken vessel, the F/V MISS ALINA. The F/V MISS ALINA is owned by Defendant Dat Ha and insured by Defendant Talisman Casualty Insurance Company ("Talisman").

Dat Ha has also brought a cross-claim against Talisman for coverage under the policy and bad faith damages under Texas law.

After filing this action, Blake Marine settled its claims against both defendants. Accordingly, only Dat Ha's cross-claim against Talisman remains. Dat Ha has moved to transfer venue to the Southern District of Texas. Talisman has moved for summary judgment and dismissal of Dat Ha's claim against it.

## LEGAL STANDARD

### A. Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the

---

[1] Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Id.*

[6] *Lormand*, 565 F.3d at 255–57.

2

complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

### B. Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[8]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[9]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[10]  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[11]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[12]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-

---

[7] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[8] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[9] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[10] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[11] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[12] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

movant would bear the burden of proof at trial."[13] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[14] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[15]

## LAW AND ANALYSIS

### A. Motion to Transfer

Dat Ha moves this Court for an order transferring his claim against Talisman to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[16] District courts possess broad discretion when deciding whether to order a transfer of venue.[17] The Fifth Circuit has held that in the interest of respecting forum choices by plaintiffs, a party moving for transfer must show "good cause."[18] The Fifth Circuit has also held that a motion to transfer venue must be made with "reasonable promptness."[19]

---

[13] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[14] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[15] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[16] 28 U.S.C. § 1404(a).

[17] In re Volkswagen of Am., Inc., 545 F.3d 304, 311 (5th Cir. 2008) ("There can be no question but that the district courts have 'broad discretion in deciding whether to order a transfer.'") (quoting Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1998)).

[18] Id. at 315.

[19] Peteet v. Dow Chem. Co., 868 F.2d 1428, 1436 (5th Cir. 1989).

This Court exercises its discretion to deny this motion in light of Dat Ha's failure to file it with reasonable promptness. Dat Ha voluntarily filed his cross-claim in this matter in November 22, 2019, but did not move to transfer venue until July 22, 2020 at the close of discovery, after Plaintiff's claims had been settled, and less than three months before trial. Dat Ha did not raise any objection to venue in the eight months that his claim was pending before this Court.[20] Accordingly, Dat Ha's motion is untimely and would only serve to delay resolution of this matter.

### B. Motion to Dismiss

Talisman moves for dismissal of Dat Ha's claims under Federal Rule of Civil Procedure 41(b). Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."[21] In determining when to dismiss a claim for failure to prosecute, the Fifth Circuit has consistently held that:

> Rule 41(b) dismissals with prejudice will be affirmed only upon a showing of a clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions would not serve the best interests of justice. . . . [S]everal of our decisions have also inquired into the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of

---

[20] *See* F.T.C. v. Multinet Mktg., LLC, 959 F. Supp. 394, 395 (N.D. Tex. 1997) (denying motion to transfer venue for seven month delay).
[21] *Id.*

actual prejudice to the defendant, and whether the delay was the result of intentional conduct.[22]

Talisman complains that prior to filing this motion on August 4, 2020, Dat Ha had not propounded discovery, designated experts, provided complete initial disclosures, or filed a witness and exhibit list. Having reviewed the factors set forth by the Fifth Circuit, however, this Court finds dismissal for failure to prosecute under Rule 41(b) would be inappropriate in this case. Dat Ha's delay in prosecuting his case can be contributed at least in part to an early, yet ultimately unsuccessful, attempt to settle the matter and the progress-stifling effect of the COVID-19 pandemic. Talisman has not identified any way in which Dat Ha is personally responsible for the delay in prosecuting his claims. Further, Talisman has not been prejudiced because trial will proceed as originally scheduled. Accordingly, this Motion is denied.

### C. Motion for Summary Judgment

Dat Ha brings claims against Talisman under Section 541 of the Texas Insurance Code, arguing that it acted in bad faith in handling his claim. Specifically, he argues that Talisman acted in bad faith in failing to provide insurance coverage and for failing to promptly pay the amounts due and owing under the Hull and Machinery and Protection and Indemnity portions of that policy. Talisman moves for dismissal of Dat Ha's bad faith claim against it on two grounds: (1) Dat Ha never provided notice to Talisman prior to asserting its claims, and (2) he has no evidence of actual damages to support his bad faith claim.

---

[22] Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir. 1982) (internal quotations and alterations omitted).

Section 541.154 of the Texas Insurance Code requires that a person seeking damages under that subchapter provide written notice to the other person not later than the 61st day before the date the action is filed.[23] Talisman seeks dismissal of Dat Ha's claim for his failure to comply with this notice requirement. Dismissal, however, is not the remedy available for such a failure. "If one fails to satisfy the notice requirement, abatement of the action for the statutory notice period is more consistent with the purpose of notice than dismissal."[24] "A person against whom an action under this subchapter is pending who does not receive the notice as required by Section 541.154 may file a plea in abatement not later than the 30th day after the date the person files an original answer in the court in which the action is pending."[25] Talisman did not move for abatement within this time period. The purpose of the sixty-day notice requirement is to discourage litigation and encourage settlement.[26] The parties made some effort to resolve this dispute early in this litigation. Accordingly, neither dismissal nor abatement is appropriate now on these grounds.

Talisman next argues that Plaintiff cannot present any evidence of actual damages in order to succeed on his bad faith claim. The Texas Insurance Code "grants insureds a private action against insurers that engage in certain discriminatory, unfair, deceptive, or bad-faith practices, and it permits insureds to recover 'actual damages . . . caused by' those practices, court costs, and attorney's fees, plus treble damages if the insurer 'knowingly' commits the

---

[23] TEX. INS. CODE ANN. § 541.154.

[24] Fort Stockton Indep. Sch. Dist. v. Am. Home Assurance Co., No. 4:17-CV-00027-RAJ, 2017 WL 9342030, at *1 (W.D. Tex. Aug. 30, 2017) (internal quotation omitted).

[25] TEX. INS. CODE ANN. § 541.155.

[26] Fort Stockton Indep. Sch. Dist., 2017 WL 9342030, at *1.

prohibited act."[27] "A claim for breach of the policy is a contract cause of action, while a common-law or statutory bad-faith claim is a cause of action that sounds in tort."[28] "Actual damages under the Insurance Code are those damages recoverable at common law."[29]

Dat Ha's cross-claim and opposition to this Motion present several ways in which Talisman acted in bad faith in the handling of his claim.  He does not, however, either allege or present any evidence of actual damages caused by that bad faith beyond those arising from the insurance policy. Accordingly, he cannot succeed on his bad faith claim under Texas law. Dat Ha's claims for extra-contractual damages, treble damages, attorney's fees, and costs are dismissed. Only his claim for coverage under the policy remains for trial.

## CONCLUSION

For the foregoing reasons, Talisman's Motion for Partial Summary Judgment is GRANTED, and Dat Ha's bad faith claims are DISMISSED WITH PREJUDICE. Dat Ha's Motion to Transfer Venue and Talisman's Motion to Dismiss are DENIED.

New Orleans, Louisiana this 17th day of September, 2020.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

[27] USAA Texas Lloyds Co. v. Menchaca, 545 S.W.3d 479, 488 (Tex. 2018) (quoting TEX. INS. CODE ANN. §§ 541.151, 152).

[28] *Id.* (internal quotations omitted).

[29] *Id.* (internal quotations omitted).